(No. 57325.—

MELVA I. WIESER, Adm'x, Appellee, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed October 21, 1983.*

360

Walker and Williams, P.C., of Belleville (David B. Stutsman and Gordon E. Maag, of counsel), for appellant.

John E. Norton, of Norton, Bonifield & Associates, P.C., of Belleville, and Edward J. Kionka, of Carbondale, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

This case arises out of an action filed under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1976)). The sole issue raised for our consideration is whether the trial court abused its discretion when it denied defendant's motion to decline jurisdiction based upon the doctrine of *forum non conveniens.*

Melva I. Wieser, as administratrix of the estate of Thomas R. Wieser, filed a complaint in the circuit court of St. Clair County, Illinois, under the Federal Employers' Liability Act. Melva Wieser was the wife of Thomas R. Wieser, who was employed by the defendant, Missouri Pacific Railroad Company, at its facilities near Wagoner, Oklahoma. On October 13, 1979, Thomas R. Wieser was killed as the result of an automobile accident. He had apparently finished work for the day and was driving in an easterly direction near Muldrow, Oklahoma. Another vehicle crossed the center line and struck his vehicle, causing the fatal injury. At the time of the accident, and when the complaint was filed, plaintiff was a resident of Barling, Arkansas, as was the deceased, her husband.

On January 22, 1981, defendant filed a motion to de-

cline jurisdiction based upon the doctrine of *forum non conveniens,* and filed an affidavit and a brief in support of this motion. The plaintiff did not file any affidavit or other pleading in opposition to the motion. On May 18, 1982, the trial judge denied defendant's motion to decline jurisdiction. Defendant's petition for leave to appeal under our Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)) was denied by the appellate court. We granted defendant's petition for leave to appeal pursuant to Rule 315 (87 Ill. 2d R. 315).

Plaintiff has filed a motion with this court requesting leave to supplement the record on appeal. We note that defendant filed a brief, affidavit and exhibits in support of its motion before the trial court. However, no documents of any kind were filed by the plaintiff. In passing on plaintiff's motion to supplement the record, the following sequence of events is significant.

On May 12, 1982, defendant's motion to decline jurisdiction was denied. On June 3, 1982, defendant requested that the record on appeal be prepared. On June 10, 1982, defendant filed its petition for leave to appeal with the appellate court. On June 29, 1982, nearly seven weeks after the trial court denied the motion, the plaintiff filed with the circuit court of St. Clair County a written motion in opposition to defendant's original motion to decline jurisdiction. This motion was never made part of the record on appeal. On May 10, 1983, a year after the trial court denied the defendant's motion, plaintiff filed a motion in this court to supplement the record on appeal by filing in this court a copy of the motion in opposition to defendant's motion to decline jurisdiction which plaintiff had filed in the trial court. In the meantime, the appellate court had denied defendant's petition for leave to appeal, this court had allowed defendant's petition for leave to appeal, briefs for all parties had been filed, including a reply brief filed by defendant, and

the case had been set for oral argument.

This is a belated attempt by the plaintiff to bolster what is apparently perceived as a deficient record. This motion was obviously not a part of the record made at the proceedings from which the appeal now before this court was taken. It will not, therefore, be considered by this court. Plaintiff's counsel argues that substantially all of the contents of the motion were argued orally before the trial court prior to the denial of defendant's motion to decline jurisdiction. This is not the proper way to make a record for appeal. Our Rules 321 and 323 (87 Ill. 2d Rules 321, 323) provide for the content of the record on appeal. Rule 329 (87 Ill. 2d R. 329) sets forth the means by which the record on appeal may be amended. The procedure plaintiff now asks us to approve does not conform to the requirements of our rules. Plaintiff's assertion that these questions were argued orally before the trial court is not convincing. If plaintiff thinks the record is inadequate, the procedure set forth in our rules for amending the record should have been followed. We therefore deny plaintiff's motion to supplement the record.

The doctrine of *forum non conveniens* presupposes the existence of more than one forum in which jurisdiction may be obtained over the parties and the subject matter of a case, and in which the controversy may be tried. The doctrine furnishes criteria for the choice of the forum. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.) The inquiry in any *forum non conveniens* case centers upon which of several forums is most convenient under the facts of that case. (*Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90.) We have this term applied the doctrine intrastate. (*Torres v. Walsh* (1983), 98 Ill. 2d 338; *Mesa v. Chicago & North Western*

*Transportation Co.* (1983), 98 Ill. 2d 356.) The question is not one of jurisdiction. Even though the forum may have the power to adjudicate the controversy, under the doctrine it may be inappropriate under the facts of that case to do so if there is another forum with jurisdiction of the parties in which the case can be more conveniently tried. As this court stated in *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514:

> "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration. In the application of these basic considerations a court may decline jurisdiction of a case 'even though it may have proper jurisdiction over all parties and the subject matter involved' (*Whitney v. Madden* (1948), 400 Ill. 185, 189, *cert. denied,* 335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55), whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606.)"

We have held that whether the facts of a particular case require the allowance of a motion to dismiss under the doctrine of *forum non conveniens* is within the sound discretion of the trial court. The court's decision will be reversed on review if it can be said that in deciding as it did there was an abuse of discretion. *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90.

Although the doctrine of *forum non conveniens* has a long history, its general application crystalized following the decision by the Supreme Court in *Gulf Oil Corp. v. Gilbert.* (See *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252.) In *Gilbert* the court discussed the private interests and the public interests that must be balanced in determining the appropriate forum in which the case should be tried. In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* this court also referred to the

factors that must be balanced in considering a motion to decline jurisdiction. This court stated:

"Factors to be considered in disposing of a motion to dismiss *forum non conveniens* include the relative capacities of the two courts to provide a fair trial, the relative inconvenience to witnesses and parties, and the burden placed upon the taxpayers and residents of the jurisdiction to which the cause of action is transported." (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.)

These factors likewise contain the consideration of both private and public interest.

In *Gilbert* the court also stated that unless the balance is strongly in favor of defendant, the plaintiff's choice of forum should rarely be disturbed. This court has recognized the deference that should be paid to the plaintiff's choice of forum. (See *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118.) This deference to plaintiff's choice of forum is commonly referred to as an unequal balancing test.

Plaintiff relies heavily on the language of *Gilbert* and *Espinosa* in asserting that plaintiff's right to choose the forum should rarely be disturbed. The statement in *Gilbert* to this effect has generally been stated without a discussion or an examination of its rationale. The test is somewhat differently stated, however, in Restatement (Second) of Conflicts of Law sec. 84(c) (1971). In comment *c* it is stated that since it is for the plaintiff to choose the place of suit, his choice of forum should not be disturbed except for weighty reasons. In *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, this court placed an extremely strict construction on the plaintiff's right to choose the forum in a Federal Employers' Liability Act case (FELA) and held that "only where it is shown that plaintiff is motivated purely by vexation and harassment will an F.E.L.A. case be dismissed." (*Cotton v. Louisville & Nashville R.R.*

*Co.* (1958), 14 Ill. 2d 144, 174.) However, this strict construction of the plaintiff's choice of forum was overruled in *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 180, where the court stated, "Such a requirement could effectively sterilize the doctrine of *forum non conveniens* \*\*\*."

This court's opinion in *Espinosa* was filed September 30, 1981. In that case we acknowledged the statement of the Supreme Court in *Gilbert* that unless the balance of relevant factors is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed. However, in *Espinosa*, after balancing the relevant factors, we held that the denial of a motion to dismiss on the grounds of *forum non conveniens* constituted an abuse of discretion.

In *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252, in an opinion filed December 8, 1981, slightly more than two months after our opinion in *Espinosa*, the Supreme Court examined the rationale of the deference that is given to plaintiff's choice of forum and noted that the plaintiff's choice is not entitled to the same weight or consideration in all cases. The court stated that the central purpose of any *forum non conveniens* inquiry is to assure that the trial is convenient. When the home forum is chosen, it is reasonable to assume that the choice is convenient. When the plaintiff is foreign to the forum chosen, however, this assumption is much less reasonable and the plaintiff's choice deserves less deference. In support of this holding that plaintiff's choice is entitled to less consideration when the home forum is not chosen, the court cited *Koster v. (American) Lumbermens Mutual Casualty Co.* (1947), 330 U.S. 518, 91 L. Ed. 1067, 67 S. Ct. 828, a companion case to *Gulf Oil Corp. v. Gilbert.* In *Jones v. Searle Laboratories* this court noted the holding of *Piper Aircraft Co. v. Reyno*, stating, "[T]here are numerous cases which properly accord less deference to a foreign plaintiff's choice of forum." (*Jones v. Searle*

*Laboratories* (1982), 93 Ill. 2d 366, 378.) Thus, under the facts of this case, the plaintiff's choice of St. Clair County, Illinois, as the forum in which this case is to be tried is not entitled to the same deference her choice would have been accorded if the case would have been filed in her home forum.

Plaintiff also argues that she is entitled to consider that a jury verdict in St. Clair County is more likely to adequately compensate her for her loss than a verdict rendered by a rural Arkansas or Oklahoma jury. It is correct to assert, as plaintiff does, that in making a decision as to which forum to choose she need not disregard this factor. However, as this court stated in *Espinosa*, "that factor is not one which we [as a court] may consider. [Citations.]" *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 123.

No one connected with plaintiff's case resides in St. Clair County or in Illinois except her attorney. In *Gilbert* the Supreme Court noted that a similar situation existed in that case, stating, "No one connected with that side of the case save counsel for the plaintiff resides there ***" (in New York, where the case was filed). (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843.) The court did not view that fact as adding strength to the plaintiff's choice of New York as a forum.

The defendant set forth in its motion and supporting documents filed in the circuit court that the site of the accident is 600 miles from Belleville, Illinois, the county seat of St. Clair County; that the trial would require the testimony of employee and nonemployee witnesses who reside near the site of the accident (and it set forth the names of four of these witnesses); that any necessary medical testimony would have to come from physicians in Oklahoma; that the nonemployee witnesses are not subject to subpoena by Illinois courts since they are not residents of this State; that if their testimony were to be introduced, it

would have to be done by evidentiary depositions; and that the taking of discovery and evidentiary depositions of witnesses in Oklahoma would involve a substantial inconvenience and expense. The motion also alleged that in bringing employee witnesses from Oklahoma to Belleville for the purpose of the trial, these witnesses, because of the uncertainty of when their testimony would be needed, would be required to remain in Belleville for as long as a week and that the railroad would have to maintain these witnesses in Belleville for that period of time, as well as to pay their transportation and lost wages. The motion also alleged the inconvenience this causes to the witnesses and the disruption in their daily lives. The motion states that all the documentary records such as work records, earnings and train-movement records are in Oklahoma, where the plaintiff could have filed the suit. All of these facts stand unrebutted in the record and demonstrate that St. Clair County, Illinois, is not a convenient forum in which to try this case.

Plaintiff claims that the record is incomplete and that a *forum non conveniens* dismissal upon the record as it stands would unfairly penalize her as she had not yet commenced discovery. Plaintiff states that defendant's motion to dismiss was premature and did not give her an opportunity to begin discovery. Plaintiff states in her brief and through counsel during oral argument that had she been given a chance to "make her record" on the *forum non conveniens* issue, we would find Illinois to be a convenient forum.

Defendant's motion to decline jurisdiction was filed on January 22, 1981; however, it was not denied until May 12, 1982. Plaintiff had almost 16 months in which to conduct discovery if she so desired. She filed no pleading or document in opposition to the matters set forth in defendant's motion and supporting affidavit. She did not request that the court defer ruling on the defendant's motion until she had completed discovery. Her argument that she was dis-

advantaged is not convincing.

Plaintiff asserts in her brief that her theory of the case revolves around decisions made by the railroad's management-level employees in the St. Louis office of the defendant company. Since St. Louis is only 13 miles from Belleville, plaintiff argues that St. Clair County is a convenient forum in which to try this case. This mere assertion will not overcome the content of the record. Plaintiff's complaint alleges an occurrence in Muldrow, Oklahoma, resulting in the death of her husband, who had been employed by the defendant in Wagoner, Oklahoma. The complaint contains no allegation that anything connected with the decedent's death occurred in Missouri. The defendant set forth in its motion the names and addresses of four people residing in Oklahoma, in addition to any employee witnesses, who could be witnesses at the trial and also the name of the medical center from which any medical testimony would come. Plaintiff has incorporated nothing in the record to show that the testimony of these witnesses will not be needed, and she incorporated nothing in the record with regard to her theory of the case revolving around occurrences in St. Louis or the names of any witnesses from St. Louis who would testify at the proceedings.

In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, this court dealt with a similar factual situation. In that case the plaintiff's decedent was killed in a railroad-crossing accident in Iowa. The plaintiff resided in Michigan, and the cause of action was ultimately filed in the circuit court of Rock Island County, Illinois, which is 200 miles from the site of the occurrence. In *Adkins* the court stated, "All of the factors normally considered thus point to the conclusion that Rock Island County is not an appropriate forum for the trial of this case." (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515.) In the case now before us the site of the occur-

rence is 600 miles from the forum, as compared to 200 miles in *Adkins*.

In *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843, the Supreme Court discussed the significance of the public interest factors, stating:

> "Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

The simple recitation of these public interest factors weighs heavily against St. Clair County as the appropriate forum for this case.

Jury duty constitutes a burden to the citizens of a county who must serve on the jury. The county in which the trial is held is financially burdened by the payment of jurors' fees and by providing court personnel and court facilities. The court system of this State is also burdened by the necessity to provide judicial personnel and the machinery for appellate review. Already this case has been considered by the circuit court of St. Clair County, the appellate court, and this court. There is no justification for imposing the burden of this litigation upon the judicial system of Illinois and of St. Clair County. If Illinois had any connection with the litigation such as the residence of the plaintiff, or the principal place of business of the defendant, or the si-

tus of the accident, or of the decedent's employment, it would have had an interest in providing a forum in which to resolve the dispute. Here, however, the chosen forum's only connection with this case aside from a bare jurisdictional requirement is that it is the residence of the plaintiff's attorney. In *Cotton* the majority opinion alluded to the fact that litigation filed in Illinois under such circumstances enhances the economic well-being of the Illinois lawyer and of the local medical specialists he employs. The courts of this State, however, do not exist for such purposes. As stated in the dissent in *Cotton*, "It is better, I think, to pass without comment the inference that the economic well being of the plaintiff's lawyer and the doctors that his lawyer hired to examine him and to testify for him is a relevant consideration." (*Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 175-76 (Schaefer, J., dissenting).) We agree that these factors are not relevant in determining the motion to decline jurisdiction under the doctrine of *forum non conveniens*.

This court has also held that the fact that the defendant may be doing business in this State is not significant in determining whether to impose the obligation of trying the litigation upon the courts of Illinois. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511.) In *Jones v. Searle Laboratories* this court noted that whether a company is doing business in Illinois is not the test, stating that, if it were, the defendant would be subject to suit in this forum regardless of the inconvenience. "This result is contrary to the purpose of the doctrine, which is to avoid litigation in an unduly inconvenient forum. [Citation.]" *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 377.

Finally, in terms of public interest factors, this court has considered it appropriate to consider the congested conditions of the docket in the court wherein the case has been filed. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d

366, 373; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 111; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514-15; *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6.) The annual report of the Administrative Office of Illinois Courts shows that the number of cases filed in St. Clair County has increased from 44,762 filed in 1975 to 70,230 filed in 1980. The average time lapse between the filing of the complaint and verdict in law jury cases filed in St. Clair County has increased from 29.5 months in 1975 to 38.4 months in 1980. This is a substantial increase in the number of cases filed and in the time to verdict. This length of time from the filing of the complaint to verdict is far too long. It is apparent that the judicial system of St. Clair County should not be further burdened by importing cases with which that jurisdiction has no connection.

For the reasons set forth, we hold that the trial court abused its discretion when it refused to dismiss the instant matter based upon the doctrine of *forum non conveniens*. The order of the circuit court of St. Clair County is reversed and this cause is remanded to that court with directions to grant the defendant's motion to decline jurisdiction and to dismiss this cause. Inasmuch as the statute of limitations on the cause of action involved in this case may have run, the dismissal order is to be conditioned on the waiver by the defendant of the defense of the statute of limitations should the plaintiff elect to file her case in an appropriate forum. If the defendant refuses to waive the defense of the statute of limitations, or if the defendant asserts that defense in a case filed by the plaintiff in an appropriate forum within one year from the date of dismissal based on the cause action asserted herein, then the plaintiff shall be given leave to reinstate this case in the circuit court of St. Clair County.

*Reversed and remanded,*
*with directions.*