DONALD P. CARONA, Plaintiff-Respondent, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Petitioner.

Fifth District   No. 5—85—0756

Opinion filed July 24, 1986.

Robert G. Wuller, Jr., of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellant.

Victor J. Mosele, of Paul L. Pratt, P.C., of East Alton, and James T. Williamson and John C. Webster, both of Williamson, Webster, Groshong, Moorman & Falb, of Alton, for appellee.

JUSTICE KARNS delivered the opinion of the court:

We granted defendant's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)) from an order of the circuit court of Madison County denying defendant's *forum non conveniens* motion to decline jurisdiction of plaintiff's action

to recover damages under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1976)).

Plaintiff's complaint, filed on January 4, 1984, alleges that he was injured while employed by defendant railroad as a brakeman-conductor on July 29, 1983, at New Orleans, Louisiana. He was injured when he threw a switch at the Mays Yard in New Orleans, and he claims that his injuries resulted from the negligence of defendant railroad.

At the time of the incident, plaintiff resided at McComb, Mississippi, where he continued to reside until December 1983, at which time he moved with his family to East Alton, Illinois. His three children are enrolled in the Roxana, Illinois, public schools.

Defendant supported its motion to decline jurisdiction with affidavits from supervising employees of the railroad showing that when plaintiff eventually returned to work, he continued to work in and around McComb, Mississippi, and received his paycheck there. Nonetheless, we assume that his move to East Alton, Illinois, was *bona fide* as his wife and children reside there, and citizens of this country are free to move about at their pleasure.

It would appear that no one witnessed the accident in which plaintiff was injured. All fellow employees and supervising employees of the defendant who might be called as witnesses reside and work in Mississippi and Louisiana. Plaintiff was originally treated by doctors who practice at Vicksburg, Mississippi, and New Orleans, Louisiana. Surgery was performed on his injured shoulder at Vicksburg.

He received physical therapy at St. Margaret's Hospital in Spring Valley, Illinois, while there on a visit apparently unrelated to this lawsuit. After moving to East Alton, plaintiff has seen doctors in Wood River, Illinois, and St. Louis, Missouri, and a manipulative procedure was performed on his injured shoulder at St. Joseph's Hospital at Alton under general anesthesia in December 1984. He received physical therapy at St. Joseph's Hospital and continued to do so at the time this matter was decided in the trial court.

This occurrence and the plaintiff obviously had no connection with Illinois when the plaintiff was injured in July of 1983. Under the reasoning and holding of *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111, and the numerous decisions of the supreme court and this court that followed, it would clearly have been an abuse of discretion for the trial court not to decline jurisdiction but for plaintiff's move to East Alton, Illinois, the situs of plaintiff's attorney's law offices, shortly before this lawsuit was filed. *E.g., Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d

224, 478 N.E.2d 370; *Foster v. Chicago & Northwestern Trans. Co.* (1983), 102 Ill. 2d 378, 466 N.E.2d 198; *Moore v. Chicago & Northwestern Trans Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417; *Petersen v. Chicago & Northwestern Trans Co.* (1983), 117 Ill. App. 3d 163, 453 N.E.2d 27.

Plaintiff argues that it was not an abuse of discretion for the trial court to deny defendant's motion to decline jurisdiction because the action was filed in the forum of his residence. He cites in support of this argument language taken from the supreme court's decision in *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98. There, the plaintiff's decedent was killed while employed by defendant railroad near Wagoner, Oklahoma. At the time of the accident, decedent and his wife resided in Barling, Arkansas, where she apparently continued to reside. The court held that the denial of the motion to dismiss on the grounds of *forum non conveniens* constituted an abuse of discretion on the part of the trial court.

In *Wieser*, in weighing the factors that should be balanced by the trial court in exercising its discretion in ruling on such motions, the court stated that "[w]hen the home forum is chosen, it is reasonable to assume that the choice is convenient. When the plaintiff is foreign to the forum chosen, however, this assumption is much less reasonable and the plaintiff's choice deserves less deference." *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 360, 456 N.E.2d 98, 102. The opinion stated further that "[i]f Illinois has any connection with the litigation such as the residence of the plaintiff, or the principal place of business of the defendant, or the situs of the accident, or of the decedent's employment, it would have had an interest in providing a forum in which to resolve the dispute." (98 Ill. 2d 359, 371-72, 456 N.E.2d 98, 104.) Similar language appears in the recent decision in *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694.

The plaintiff extrapolates from the quoted language of *Wieser* a rule that plaintiff's choice of forum is proper, regardless of antecedent facts, if the chosen forum is the place of residence of the plaintiff at the time of filing suit. We do not believe the language of *Wieser* can be so interpreted. In our opinion, the quoted language was intended to express the idea that a plaintiff who is a resident of Illinois at the time he is injured can be said to have an expectation of protection from the laws of Illinois as a citizen of the State of Illinois. This cannot be said of a plaintiff who did not reside in Illinois at the time of his injury and who later moved to Illinois.

The residence of the plaintiff is only one factor to be considered by the trial court in deciding the question of convenience of the chosen forum. Here it is the only factor weighing in favor of Madison County, aside from the fact that it is the chosen forum, that the prior decisions of the supreme court have considered appropriate in considering the private and public interests that must be balanced by the trial court in determining the question of an appropriate forum. In *Wieser*, the supreme court also emphasized the costs and burdens of jury service on both the jurors and the financial resources of the courts in furnishing a forum for litigation that has no real nexus to Illinois.

While this case may be considered to present a new or undecided question, or at least a new effort to vest an Illinois county with the color of propriety as an appropriate forum, we do not believe that the spirit, if not the precise holding, of any case heretofore decided would approve a holding of this court, the effect of which was to encourage nonresidents to move to Illinois to file lawsuits that otherwise have no connection with Illinois other than the place of residence of the litigant's chosen attorney, a practice often referred to as "forum shopping."

We hold that the circuit court of Madison County abused its discretion in denying defendant's motion to dismiss because Madison County is an inconvenient forum. The judgment of the circuit court of Madison County is reversed and the cause is remanded to the circuit court of Madison County with directions to grant defendant's motion to dismiss on the condition that defendant will accept service of process and will waive the defense of the statute of limitations if the cause is filed in an appropriate Mississippi or Louisiana forum within one year of the date of dismissal.

Reversed and remanded, with directions.

HARRISON and WELCH, JJ., concur.