(No. 64524.

JAY WILFORD McCLAIN *et al.*, Appellees, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY, Appellant.

*Opinion filed February 11, 1988.*

280

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard E. Boyle, Robert G. Wuller and Rodney M. Sharp, of counsel), for appellant.

Kirby Palmer, of Carr, Korein, Schlichter, Kunin & Montroy, of East St. Louis, for appellees.

JUSTICE MILLER delivered the opinion of the court:

Jay Wilford McClain was seriously injured on April 11, 1982, when the truck he was driving overturned after crossing the railroad tracks of the defendant, the Illinois Central Gulf Railroad Company (ICG), in Memphis,

Shelby County, Tennessee. On August 6, 1982, McClain and his wife, Crystal, filed the instant action against ICG in the circuit court of Madison County. The complaint was in three counts; in counts I and II, Mr. McClain sought recovery for his personal injuries under common law theories of negligence and willful and wanton misconduct, and in count III, sounding in negligence, Mrs. McClain sought recovery for loss of consortium. ICG made a number of unsuccessful motions for dismissal of the action on grounds of *forum non conveniens*. The appellate court denied ICG's petition for leave to appeal from the denial of its latest *forum non conveniens* motion (107 Ill. 2d R. 306(a)(1)(ii)), and we allowed ICG's petition for leave to appeal to this court (107 Ill. 2d R. 315(a)).

Following the commencement of the plaintiffs' action in August 1982, summons was issued on March 28, 1983, and ICG was served on March 31, 1983. On May 2, 1983, the railroad moved to dismiss the action on grounds of *forum non conveniens*. In its motion, ICG contended that the cause of action arose in Tennessee, that the plaintiffs were residents of Tennessee and that all the occurrence and medical witnesses were from the Memphis area, that all the physical evidence was in Tennessee, that the defendant was amenable to process in Memphis, and that there were no witnesses or other evidence in Illinois. In addition, ICG noted the congested docket in the circuit court of Madison County, the distance between Memphis and Madison County, and the costs of transporting witnesses from Memphis to Madison County.

In opposition to the railroad's motion, the plaintiffs responded that McClain had been under the care of Dr. James Segrist of Alton, Madison County, Illinois, since October 1982, and that he had also been receiving treatment in St. Louis for the injuries resulting from the accident. McClain also asserted that he had moved to Gran-

ite City, which is located in Madison County, in January 1983, after the present action was filed, and that he was registered to vote in this State and held an Illinois driver's license. The plaintiffs further alleged that ICG did a large amount of business in the St. Louis metropolitan area and that its principal place of business was in Illinois. The trial court denied ICG's motion on June 3, 1983.

On June 30, 1983, ICG moved for reconsideration of the denial of its initial motion. In its new motion, ICG added the allegations that the law of Tennessee would govern the case, that ICG intended to file a third-party complaint for express contractual indemnity against McClain's employer, Distribution and Transportation Services, Inc. (DTS), and that the employer would not be amenable to process in Illinois. McClain was driving a truck for DTS at the time of his accident, and it occurred on a private road owned by the defendant that DTS was allowed to use under the terms of a license agreement.

In response to the motion for reconsideration, the plaintiffs contended that the additional matters could have been raised in the original motion, that ICG's allegations concerning the possible third-party complaint were unsupported, and that ICG remained free to sue DTS in another jurisdiction. ICG's motion for reconsideration was denied on July 22, 1983.

On November 13, 1984, ICG filed a third motion to dismiss on grounds of *forum non conveniens*. The only additional matter presented in the motion was the allegation that ICG had filed a third-party complaint in Madison County against the plaintiff's employer, DTS. In response to the motion, the plaintiffs contended that there was still no support for the statement that DTS would not be amenable to process in Illinois. An affidavit submitted by the plaintiff also asserted that he had moved

to Granite City in March 1984—some 14 months later than he had previously indicated. On February 12, 1985, the trial judge denied ICG's latest *forum non conveniens* motion. In a written order, the trial judge found that the railroad had not presented any new facts or allegations, that it was not yet clear whether McClain's employer could be sued in Madison County, and that nothing prevented ICG from suing the employer elsewhere.

On February 27, 1985, ICG moved for reconsideration of the February 12 order and provided a new affidavit to the effect that McClain's employer had filed a special and limited appearance in Madison County contesting the Illinois court's jurisdiction. The motion for reconsideration was denied on April 1, 1985. The appellate court denied ICG's subsequent petition for leave to appeal from that ruling, and the company's petition for leave to appeal to this court was denied in May 1986.

The *forum non conveniens* motion giving rise to this appeal was filed by ICG on July 30, 1986. The only new material in the written motion was the names of two more witnesses who resided in Tennessee. Before the trial judge made his ruling on the motion, two additional items were brought to his attention: that on July 28, 1986, the trial judge had found that the circuit court did not have jurisdiction over McClain's employer in the railroad's third-party action for express contractual indemnity, and that on July 24, 1986, the appellate court, in *Carona v. Illinois Central Gulf R.R. Co.* (1986), 145 Ill. App. 3d 880, reversed an order denying a motion to dismiss an action on grounds of *forum non conveniens* in a case in which the plaintiff moved to the forum before filing suit. The latest motion was heard and decided by a different circuit judge, to whom the case had been reassigned for administrative reasons. On September 10, 1986, the trial judge denied the motion. In a written order, he found that the factual allegations in the motion

raised no new matters of substance. The judge acknowledged that *Carona* appeared to be on point, but he refused to overturn the ruling of the previous judge because "the ruling of a trial court on a Forum Non Conveniens motion is a matter of discretion, and one judge of the circuit court having exercised that discretion, it is inappropriate for another judge of the circuit court to review that decision." The trial judge further found that any benefits in transferring the action were outweighed by the prejudice that would result to the plaintiff. He also stated that the filing of this case predated this court's definitive statements on *forum non conveniens* and concluded that he trusted "that the alleged abuse resulting from plaintiff's attorney filing such a case in this venue [would] not be repeated."

As an initial matter, the plaintiffs contend that this court does not have jurisdiction over the instant appeal because ICG's motion of July 30, 1986, from which the appeal is taken, raised no new matters, merely sought reconsideration of the court's earlier rulings, and thus did not toll the time for filing an appeal from any previous interlocutory order. (See *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223; *Leet v. Louisville & Nashville R.R. Co.* (1985), 131 Ill. App. 3d 763.) ICG argues that it was not required to raise any new matters and, alternatively, that the trial judge had new material before him when he ruled on the motion.

In support of its argument that no new material was required to be alleged, ICG points to the statement in *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 240, that "[a]n interlocutory order may be reviewed, modified, or vacated at any time before final judgment." The defendant has taken the language from *Kemner* out of context. There the court was commenting on the power of a court to review, modify, or vacate interlocutory orders made in that court. (See *In re Adoption of Ander-*

*son* (1980), 88 Ill. App. 3d 42, 44.) In *Kemner* the court noted that an interlocutory order does not toll the time within which an appeal from an interlocutory appeal must be filed. If the motion raises new matter, however, then it may be considered a new motion; in that event tolling is not at issue, and an order denying the motion is appealable. (See *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236.) ICG's theory would only result in repetitive motions. Moreover, it must be recalled that ICG's attempts to appeal the denial of its immediately preceding *forum non conveniens* motion had been denied by the appellate court and this court; if the railroad was not presenting new material in its later motion, then the railroad's attempts to revive the failed motion are puzzling.

Here, the trial court's September 10 order denying ICG's latest *forum non conveniens* motion was not just a reconsideration of previous motions and orders. Apart from the additional witnesses named in the July 30 motion, the trial court had two new matters before it. First, ICG had established that its third-party action against McClain's employer could not be brought in Madison County. Although that ruling may not have warranted a decision in ICG's favor on its *forum non conveniens* motion in the first instance, the dismissal of the railroad's third-party complaint was clearly a new matter, the absence of which both the plaintiffs and trial court had previously relied on in contesting and denying ICG's *forum non conveniens* motions. (See *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 240 (that new matters are not sufficient to reverse prior *forum non conveniens* rulings does not justify dismissing the appeal).) Moreover, ICG brought to the trial court's attention a case recently decided by the appellate court, *Carona v. Illinois Central Gulf R.R. Co.* (1986), 145 Ill. App. 3d 880. The appellate court held that the trial court abused

its discretion in denying the defendant's *forum non conveniens* motion in a case in which the plaintiff was injured in Louisiana, lived in Mississippi, and filed suit in Madison County only after moving there. The only significant difference between *Carona* and the instant case is that the plaintiff here did not move to Madison County until after his action was filed. We conclude that, taken as a whole, the trial court's order of September 10 was not merely a reconsideration of the prior orders, and thus it was appealable under *Kemner*. We therefore proceed to address the merits of the trial court's ruling on ICG's *forum non conveniens* motion.

We begin by noting that the language of the September 10 order indicates that the second judge believed that it would be inappropriate for him to overturn a prior judge's decision when that decision was vested in the trial judge's discretion. In *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120-21, this court held that "a court is not bound by an order of a previous judge [citation] and has the power to correct orders which it considers to be erroneous." A previous order committed to a judge's discretion is not likely to be erroneous, but there are circumstances when it can be overturned, such as when new matters are brought to the reviewing judge's attention and there is no evidence of judge shopping. (See *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 188; *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 31-32.) Also, the trial judge said that the instant case was filed before this court's definitive statements on *forum non conveniens*, perhaps alluding to *Torres v. Walsh* (1983), 98 Ill. 2d 338. *Torres* involved the intrastate, rather than interstate, application of the doctrine; the use of the doctrine to effect interstate transfers was well settled at the time the plaintiffs brought this action. (See, *e.g.*, *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111.) It appears that as

a result of these misapprehensions, the trial judge did not consider the recently decided appellate court case, *Carona v. Illinois Central Gulf R.R. Co.* (1986), 145 Ill. App. 3d 880, which provided strong support for ICG's *forum non conveniens* motion.

A trial court is vested with broad discretion in balancing the various considerations relevant to a ruling on a *forum non conveniens* motion, and its decision will be reversed only if it represents an abuse of discretion. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77.) In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, this court explained:

> "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration. In the application of these basic considerations a court may decline jurisdiction of a case 'even though it may have proper jurisdiction over all parties and the subject matter involved' (*Whitney v. Madden* (1948), 400 Ill. 185, 189, *cert. denied* [(1948)], 335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55), whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606.)"

In *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, this court set out in detail the considerations that should inform a decision on a *forum non conveniens* motion. Quoting from *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843, the court in *Giliberto* said:

> " 'If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations

are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. \*\*\* The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to purse his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.' " 74 Ill. 2d at 110-11.

An important consideration under the *forum non conveniens* doctrine is that if the chosen forum is the plaintiff's home forum, that choice will be given substantial deference; otherwise the deference to the plaintiff's choice is considerably lessened. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 435-36, 102 S. Ct. 252, 265-66; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367-68.) If the chosen forum is the plaintiff's home, a court may reasonably

assume that the choice is convenient (see *Piper Aircraft*, 454 U.S. at 255-56, 70 L. Ed. 2d at 436, 102 S. Ct. at 266); both private and public interests tend to weigh in the plaintiff's favor when he chooses to sue at home. We believe, however, that if the plaintiff does not live in the forum when the cause of action arises or when the suit is filed, but only moves there after suit is filed, the action is less a localized controversy, and those reasonable assumptions about the convenience to the parties and the ends of justice are subject to closer scrutiny. As was correctly noted in *Carona v. Illinois Central Gulf R.R. Co.* (1986), 145 Ill. App. 3d 880, 882, "[A] plaintiff who is a resident of Illinois at the time he is injured can be said to have an expectation of protection from the laws of Illinois as a citizen of the State of Illinois. This cannot be said of a plaintiff who did not reside in Illinois at the time of his injury and who later moved to Illinois."

When the plaintiff commenced this action in Madison County there were no significant connections to the chosen forum. The plaintiff's lawyer had his office in Madison County, ICG did business in the county, and ICG had its principal place of business in Chicago. The situs of the accident, the residence of the injured parties, the location of the witnesses and evidence—all those circumstances pointed to Shelby County, Tennessee, as a more convenient forum, and, at the time the action was filed, the granting of ICG's motion to dismiss on grounds of *forum non conveniens* would have been warranted. (See *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511.) After the plaintiffs commenced their action, McClain began seeing physicians in Madison County and in St. Louis, and he later moved to Madison County. It has now become convenient to the plaintiffs and his current physicians to have the case tried in Mad-

ison County. We do not, however, attach great weight to the residence of McClain's treating physician. (See *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 227.) Weighing against this convenience to the plaintiffs is the inconvenience to the other persons involved in this case and to the circuit court of Madison County. All other sources of proof are in Tennessee, including occurrence witnesses as well as medical witnesses who provided treatment to McClain in the weeks immediately following his accident. Those witnesses are not available through compulsory process, and bringing any willing witnesses to Madison County would be costly. In addition, if the case is tried in Tennessee, all claims can be tried at once instead of in a piecemeal manner, which would serve both private and public interests. See *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 259, 70 L. Ed. 2d 419, 437-38, 102 S. Ct. 252, 267-68; see also *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196-97.

Other public interests weigh heavily in favor of having the action tried in Tennessee. This court has previously taken note of the congestion of the docket in the circuit court of Madison County as a reason for transferring cases from that county (see *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 230-31), and the plaintiffs have not provided any information that would alter that assessment. The people of Shelby County, Tennessee, have a much stronger interest in seeing that the McClains' action be tried in their community, where the accident occurred and where the plaintiffs resided and worked at the time. Moreover, the plaintiffs do not dispute that Tennessee law would govern the action here, and that State has an interest in applying its law in its own courts. Illinois courts have a corresponding interest in not being burdened with applying foreign law "unless there are strong policy reasons and unless Illinois has

strong connections to the case." *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232.

We conclude that the circumstances in this case strongly favor Tennessee as the more convenient forum. Although the plaintiffs point to the amount of time that this action has been pending in Madison County as a reason for denying transfer to another forum, we note that *forum non conveniens* motions have been granted by reviewing courts even after an action has been tried to verdict. (See, *e.g., Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80.) In addition, the delay is not entirely attributable to the defendant. ICG was not served with summons until eight months after the complaint was filed, and the company was diligent in immediately objecting to the plaintiffs' choice of forum. We conclude, therefore, that the trial court abused its discretion in denying ICG's motion to dismiss on grounds of *forum non conveniens*. We remand the cause to the circuit court to dismiss the action on the condition that if the plaintiffs elect to file the action in another forum within six months of the dismissal order, ICG shall accept service of process from that court and shall waive the defense of the statute of limitations. See 107 Ill. 2d R. 187(c)(2).

*Reversed and remanded*
*with directions.*