FRANK GRACHEN, SR., as Next Friend and Adm'r of the Estate of Frank Grachen, Jr., Deceased, Plaintiff-Appellee, v. RANDOLPH L. ZARECKI *et al.*, Defendants (Charles N. Bolla *et al.*, Defendants-Appellants).

First District (4th Division)   No. 1—89—0876

Opinion filed June 14, 1990.

Wildman, Harrold, Allen & Dixon, of Chicago, and Heyl, Royster, Voelker & Allen, of Peoria (Stanley V. Boychuck, Adam J. Glazer, and David R. Sinn, of counsel), for appellants.

Stackler & Stackler, and Arnold H. Landis, both of Chicago (Ronald E. Stackler, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Frank Grachen, Sr., administrator of the estate of his son, Frank Grachen, Jr., filed a negligence action arising out of a collision between the decedent's motorcycle and the defendants' vehicles. Two of the defendants, Charles Bolla and ABF Freight Systems, Inc., moved to transfer the action from Cook County to Woodford County, on the basis of *forum non conveniens*.

The trial court denied the motion, and defendants brought this interlocutory appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). The sole issue presented is whether the trial court abused its discretion in applying the unequal balancing test and determining that the public and private factors do not so strongly favor defendants' preferred forum as to require the transfer.

We affirm.

BACKGROUND

On September 18, 1987, Frank Grachen, Jr., was travelling south on Route 51, in Woodford County. He was with a group of people including his parents and a cousin, Richard Forkes. Grachen, his father, and Forkes were all riding motorcycles and his mother was driving a van. At approximately 1 a.m., Randolph L. Zarecki, one of the defendants, was driving south in a 1987 Chevrolet on the same road. He collided with Grachen, who was thrown onto the hood of the Chevrolet and then into the oncoming lane of traffic, where he was run over by a truck driven by Bolla and owned by ABF Freight Systems.

Defendants moved to transfer plaintiff's action from Cook County to Woodford County, on the following grounds: None of the parties reside in Cook County; the accident and subsequent investigation took place in Woodford County; few if any sources of proof are located in Cook County; Cook County's docket is far more congested than is Woodford's; and the latter county is more convenient for the trial of

the cause. On appeal they have elaborated on these reasons and added the possibility of having the jury visit the accident scene. In addition, they charge that the trial court misapplied the case of *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745, and that the court abused its discretion in denying the motion because the factors strongly favor the transfer.

OPINION

■■■ *Forum non conveniens* is an equitable doctrine that assumes that more than one forum has jurisdiction over the parties and subject matter. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291.) When a defendant invokes the doctrine seeking a transfer of the action to a more convenient location, the court applies an "unequal" balancing test which requires a showing that the relevant factors strongly favor transfer before the motion will be granted. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 520 N.E.2d 368; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98.) Relevant private interest factors are the relative ease of access to witnesses and other sources of proof, the parties' convenience, and other such practical matters that facilitate an expeditious and inexpensive trial. *McClain,* 121 Ill. 2d at 289.

Public interest factors include administrative concerns, such as the relative congestion of court dockets, the inappropriateness of imposing jury duty upon residents of a county which has no connection to the litigation, and an interest in having a localized controversy handled locally. *McClain,* 121 Ill. 2d at 289.

Finally, the plaintiff's choice of forum is given deference, the courts noting that unless the factors weigh strongly in favor of transfer, " 'the plaintiff's choice of forum should rarely be disturbed.' " (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, 444 N.E.2d 157, 160, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) This choice is given less deference, however, if the plaintiff is not a resident of the chosen forum. *McClain,* 121 Ill. 2d at 289.

■■ The record reveals that, while none of the individual parties are residents of Cook County,[1] the plaintiff and his wife live in Naperville, approximately 10 miles west of Cook County. According to plain-

---

[1]The corporate defendants have registered agents in Cook County and ABF Freight transacts business there. This vests Cook County with venue over the action, although it is not generally considered significant in *forum non conveniens* determinations. See *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 226, 506 N.E.2d 1291.

tiff, both he and his wife will testify at trial, as will Richard Forkes, a resident of Cook County. Forkes was at the scene of the collision and witnessed at least a portion of the actual occurrence, while Frank's parents arrived at the scene immediately after the collision. Several adult passengers of the group travelling with the deceased on that night who also may be called as witnesses live in or near Naperville. Plaintiff asserts that other witnesses whose testimony will bear on Frank's employment and earnings or who are familiar with his habits, character, and relationship to his family, live in or near Naperville. In addition, plaintiff's accident reconstruction expert is a resident of Cook County. The damaged motorcycle, which the expert will likely examine, is also located in Naperville, at Frank, Sr.'s home.

From plaintiff's viewpoint, therefore, Cook County is a substantially more convenient forum than is Woodford County, which is approximately 150 miles away from plaintiff's residence and sources of proof.

Defendants assert that Woodford County is more convenient as being geographically closer to their counties of residence. Zarecki (not a party to this appeal) lives in McLean County, which adjoins Woodford County, and Bolla lives in Bond County, which apparently is at least 150 miles south of Woodford County. They state that the location of evidence and accessibility of witnesses strongly support the transfer; members of the Illinois State Police investigated the accident and personnel of the Woodford County coroner's office investigated the cause of death. Woodford County would therefore be more convenient for them. Defendants also assert that a jury view of the scene would be effectively precluded by trying the case in Cook County.

These private interest factors are divided among different counties. No one county has the predominating factors in its corner. Plaintiff's choice of Cook County certainly does not appear to be so insubstantial as to amount to "flagrant forum shopping," as defendants charge. On the contrary, Cook County is more convenient for plaintiff and his material witnesses and other sources of proof. Woodford County, despite its connections to the litigation, is not as convenient a forum for plaintiff. It is, however, more conveniently situated for defendants. It is also the situs of the accident and the location of some of the potential witnesses and other sources of proof. The police officers responding to the call and the coroner's office personnel may be expected to give evidence in the case. Nevertheless, it is plaintiff's burden to prove his case at trial, and many of his material witnesses are located in or near Cook County, 150 miles away from Woodford County. Plaintiff, his wife, Richard Forkes, and the adult passengers

travelling with them at the time of the accident were at the scene, Forkes actually witnessing part of the tragic accident and Frank, Jr.'s parents arriving seconds later. Therefore, the fact that the collision occurred in Woodford does not have as much impact on the *forum non conveniens* issue as it might if most of the occurrence witnesses lived in or near Woodford.

In addition to these witnesses who were at the scene, plaintiff may call other persons whose testimony is necessary to establish elements of liability (the reconstruction expert) or damages (witnesses for decedent's earnings potential, habits, and relationship with other family members). We do not conclude that the parties' convenience and the accessibility of evidence favor Woodford over Cook. (See *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745) (It was not an abuse of discretion to deny a motion to transfer a cause from Cook to McHenry County where accident situs and plaintiff's residence were in McHenry County, medical and other witnesses resided in Cook County, and other, collar counties also had connection to the litigation).

As for a jury's ability to view the scene, we acknowledge that courts have found this important. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80, 457 N.E.2d 417.) The importance of the jury's opportunity to view the scene diminishes, however, if there is little at the scene to aid the jury in deciding the issues. In *Moore*, the accident occurred at a railroad crossing in Wisconsin, more than 200 miles from Cook County. The court's recognition that an Illinois jury could not conveniently visit the scene must be viewed in light of specific characteristics of that site. A railroad crossing might have certain features that a jury should observe firsthand, such as whether there is a natural or man-made condition near the crossing that may obscure an approaching motorist's vision. In the pending case defendants do not suggest any specific facts that would make viewing the site of this accident helpful to a jury. The collision apparently occurred on a relatively straight stretch of highway. Without some indication as to the importance of a jury view of this site, we cannot conclude that the foreclosure of such an opportunity is a factor weighing strongly in favor of defendants' position.[2]

---

[2]In their motions for transfer, defendants did not emphasize the need for a jury view of the site. On the contrary, the only reference to this point in the papers is found in the defendants' reply to plaintiff's response to the motion to transfer, in which they note that a jury's view of the motorcycle would not be necessary, but that "far more likely is the possibility that a jury would want to view the scene of the accident."

■ As for the public interest factors involved, defendants point out that the average time for a case to come to trial in Cook County far exceeds the wait that Woodford County litigants endure. (See *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 489 N.E.2d 429.) That the Cook County docket is more congested does favor resolution of the dispute in Woodford County. That factor alone, however, is not enough justification to cause a transfer. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101.

Defendants also contend that the residents of Cook County have no interest in having the dispute resolved in their courts, at their expense and time. We do not believe that the residents of Woodford have any stronger stake in the outcome than residents of other counties, however, since the parties involved are themselves from different counties.

Our standard of review is whether the trial court abused its discretion in denying the motion to transfer. *(Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745.) The pertinent inquiry is not whether this court would weigh the factors differently or whether the trial court's exercise of discretion was "wise." (See *Griffith*, 136 Ill. 2d at 115.) As previously stated, the convenience factors favoring defendants' position must strongly outweigh the factors favoring the forum in which the action is brought. We do not find that the balance here *strongly* favors Woodford County. Nor do we find that the trial court misapplied the law or ignored any pertinent factors in the balancing process. Therefore, we do not find that the trial court abused its discretion.

The recent Illinois Supreme Court decision of *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, directly supports our decision. *Griffith* involved a fatal air crash that occurred in Du Page County, Illinois, as five people were en route from Meigs Field in Chicago to Du Page County Airport. All of the plaintiffs (representatives of the five decedents) lived in States other than Illinois. All but one of the decedents had been nonresidents of Illinois. Plaintiffs filed separate actions in negligence and strict liability in Cook County, Illinois. Defendants argued that the private and public interest factors strongly favored transfer to Du Page County. They further contended that a less stringent balancing test should be applied, one that minimizes the deference afforded the plaintiff's choice. Under their theory, when plaintiffs are not residents of the chosen forum, the court should apply an "equal balancing" test, which need only show that the factors "favor" defendants' choice.

The supreme court rejected the invitation to alter the current *fo-*

*rum non conveniens* analysis in the manner proposed. The court stated, "Under our current *forum non conveniens* analysis, deference to the plaintiff's choice of forum is but one factor, along with other relevant private and public interest factors, to be considered in the balancing process. The deference given to plaintiff's choice of forum is a factor which may be given more or less weight within the test, depending on whether the plaintiff is a resident of the forum selected. *** If the plaintiff is foreign to the forum selected, the forum choice should be given less deference than it would be given if the plaintiff were a resident of the forum selected. *The test, then, is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant.*" (Emphasis added.) *Griffith*, 136 Ill. 2d at 107-08.

The defendants in *Griffith* argued that a majority of the potential witnesses resided in or near Du Page County, which was also the site of the accident. They contended that Du Page County had a greater interest in the litigation than Cook County, which had insignificant connections to the action. Moreover, the congested docket, they argued, favored transfer to Du Page.

The supreme court carefully analyzed each point, noting that the trial court had considered all of the issues and commenting that (with the exception of the congested docket) none of the private or public interest factors, singly or together, strongly favored the transfer. The congested docket alone was deemed insufficient. *Griffith*, 136 Ill. 2d at 115.

We find that the factors in support of plaintiff's chosen forum in the pending case are at least as persuasive as those in *Griffith*. Accordingly, we affirm the trial court's denial of the motion to transfer.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.