JOHN R. PETERSON *et al.*, Plaintiffs-Appellees, v. MONSANTO COM-
PANY *et al.*, Defendants-Appellants.

Fifth District   No. 5—87—0767

Opinion filed April 13, 1989.

Richard A. Mueller, Bruce D. Ryder, and Paul A. Streiff, all of Coburn, Croft & Putzell, of Belleville, for appellants.

Patrick S. O'Brien, of Pratt & Callis, P.C., of East Alton, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

This is the second time this case has been appealed. This time we find that the circuit court properly refused to transfer this case from Madison County on *forum non conveniens* grounds.

Originally, 32 plaintiffs filed a suit against Monsanto Company

and Dow Chemical Company in Madison County for injuries received from exposure to dioxins. Plaintiffs were exposed while spraying herbicides on numerous occasions at numerous sites. Defendant Monsanto moved to transfer for wrongful venue under section 2—104 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—104). Defendant's motion was denied and defendant appealed.

This court found that venue properly had been laid in Madison County as to five plaintiffs, and reversed as to 27, and further found that while the exposure of the five to the dioxin in Madison County was minimal, it had been enough to make venue in Madison County proper. *Peterson v. Monsanto Co.* (1987), 157 Ill. App. 3d 508, 510 N.E.2d 458.

In this appeal, we deal with the case remanded to Madison County in the 1987 decision of this court involving the five remaining plaintiffs.

After remand, Monsanto filed a motion to transfer for *forum non conveniens* as to the five remaining plaintiffs claiming that St. Louis County is a more convenient forum. The circuit court of Madison County denied defendant's motion, and Monsanto was granted leave to appeal under Supreme Court Rule 306(a)(1)(iv) (107 Ill. 2d R. 306(a)(1)(iv)).

■ There are two types of *forum non conveniens*: (1) intrastate; and (2) interstate.

Under intrastate *forum non conveniens*, one court in Illinois may transfer a case to another Illinois court.

Under interstate *forum non conveniens*, Illinois courts may decline jurisdiction if it is more convenient to try the case in another State.

This case involves interstate *forum non conveniens*.

■ There are various private and public interests factors that must be balanced to determine whether the case should be transferred. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 507 N.E.2d 838.) Although the plaintiff's choice of forum is given deference, this choice may be set aside when the balance of relevant factors strongly favors the defendant. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.) The additional factors to be considered in comparing the fora which have jurisdiction include: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; costs of obtaining attendance of willing witnesses; possibility of a view of the premises, if such a view would be helpful or appropriate, and all other practical considerations which make trial of a case easy, expeditious and inexpensive. Other

relevant factors to be considered include docket congestion, the burden of jury duty on citizens of the forum, and the plaintiff's right to choose a forum. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 2d 1055, 1062-63, 675 S. Ct. 839, 843; see also *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745.

The supreme court of Illinois has identified two factors in addition to those set forth in *Gulf Oil Corp. v. Gilbert.* First, the trial court is required to give greater deference to the plaintiff's selection if the plaintiff resides in that forum; and second, there is an expressed desire that the forum include the place of injury. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 371-72, 456 N.E.2d 98, 102; *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499, 490 N.E.2d 694, 697.

■ Here, no one can determine the moment of injury. Injury is the result of an accumulation of exposures, part of which were in Madison County. Likewise, place of injury cannot be determined with precision, since it is conditioned upon moment of injury.

None can say the situs of injury is outside Madison County; but, all can agree that Madison County is part of a set of counties in which there was exposure, the accumulation of which caused injury. Therefore, Madison County is one site of injury. Being the situs, the case should remain in Madison County. The fact that plaintiff was injured in Madison County provides a "significant factual connection with the forum." *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 289, 507 N.E.2d 838, 842-43.

■ A circuit court has discretion to deny a *forum non conveniens* motion. The decision will not be disturbed by a reviewing court unless that was abused. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 117-18, 497 N.E.2d 745, 747; *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 288, 507 N.E.2d 838, 842.

We find that the trial court did not abuse its discretion in denying Monsanto's motion to transfer for *forum non conveniens*.

The circuit court is affirmed.

Affirmed.

WELCH, P.J., and HARRISON, J., concur.