Skidmore v. Gateway Western Railway-rec'd. 09/06/02

(text box: 1) NO. 5-01-0710

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

EDITH SKIDMORE, Special Administrator of the )  Appeal from the

Estate of Clifford Skidmore, Deceased, )  Circuit Court of

)  St. Clair County.

     Plaintiff-Appellee, ) 

)

)  No. 00-L-557

)

GATEWAY WESTERN RAILWAY COMPANY, )  Honorable

)  Stephen M. Kernan,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Edith Skidmore (plaintiff), special administrator of the estate of Clifford Skidmore, deceased, filed a wrongful-death action against Gateway Western Railway Company (defendant) in the circuit court of St. Clair County, Illinois.  The action arose from a railroad crossing accident that occurred in Lafayette County, Missouri.  The circuit court denied  defendant's motion to dismiss the case on the grounds of interstate 
forum non conveniens
.  Defendant petitioned for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), alleging that the circuit court's decision was an abuse of discretion.  We granted leave to appeal and now consider the issue.

At approximately 7:30 a.m. on March 15, 2000, a train operated by the defendant's crew struck a vehicle operated by Clifford Skidmore.  The incident occurred at a railroad grade crossing in Mayview, Lafayette County, Missouri.  A trooper with the Missouri State Highway Patrol responded to the accident scene and conducted the initial investigation.  A few hours later the scene was turned over to the Missouri State Highway Patrol accident reconstruction team for further investigation.  Emergency medical personnel from nearby Higginsville, Missouri, responded to the scene.  Mr. Skidmore was evaluated and then airlifted to Kansas City Research Hospital in Kansas City, Missouri, where he was pronounced dead a short time later.  Mr. Skidmore died as a result of the injuries he sustained in the collision.  At the time of this incident, Clifford Skidmore lived in Lafayette County, Missouri, with his spouse, Edith Skidmore, and their two minor children.

On September 19, 2000, the circuit court of St. Clair County, Illinois, approved plaintiff's petition for her appointment as the special administrator of the estate of Clifford Skidmore.  On that same day, she filed a wrongful-death action against defendant in St. Clair County, Illinois.  Defendant filed a motion to dismiss the case on interstate 
forum non conveniens 
grounds, claiming that the public- and private-interest factors weighed heavily in favor of a dismissal.  Defendant claimed that the case could be tried more efficiently and conveniently in the Missouri circuit court located in Lexington, Lafayette County, Missouri.  The St. Clair County circuit court denied defendant's motion, and defendant petitioned for leave to appeal.

Before addressing the 
forum non conveniens
 issue, we will address defendant's  motion to disqualify plaintiff's counsel.  Defendant's motion was filed during the pendency of this appeal.  We ordered that the motion be taken with the case, in order to provide the parties with the opportunity to address the issue during oral argument.  In its motion, defendant contends that plaintiff's counsel has a conflict of interest and should be disqualified from representing plaintiff in this case.  According to the record, plaintiff's counsel currently represents Thomas Sullivan, the engineer of the train involved in the pending case, in an unrelated personal injury action against defendant and other railroad companies.  Defendant contends that plaintiff's counsel is not permitted to engage in 
ex parte
 contacts with Mr. Sullivan without its consent because Mr. Sullivan "has the status of a represented party with respect to his conduct in operating the locomotive at the time of the accident and also with respect to admissions he may make in testifying in this case".

Matters of representation regarding lawsuits pending in Illinois are governed by Illinois law.  According to the record, Thomas Sullivan is not a named party in the pending action.  He is a potential witness.  There is no showing that Thomas Sullivan is an employee with decision-making or advisory responsibilities within defendant's corporation.  Under Illinois law, he is not a member of the corporate control group.  See 
Consolidation Coal Co. v. Bucyrus-Erie Co.
, 89 Ill. 2d 103, 432 N.E.2d 250 (1982).  Defendant has not established a basis upon which to disqualify plaintiff's counsel from further participation in this case, and the motion is denied.

A trial court has considerable discretion in ruling on a 
forum non conveniens
 motion, and the court's decision to grant or deny
 that motion will not be reversed absent an abuse of discretion.  
Brummett v. Wepfer Marine, Inc.
, 111 Ill. 2d 495, 503, 490 N.E.2d 694, 699 (1986).  The reviewing court does not decide whether the trial judge exercised his or her discretion wisely, but only whether it has been abused.  
Brummett
, 111 Ill. 2d at 503, 490 N.E.2d at 699.    

The doctrine of 
forum non conveniens
 presupposes the existence of more than one forum in which the case may be litigated.  
Wieser v. Missouri Pacific R.R. Co.
, 98 Ill. 2d 359, 364, 456 N.E.2d 98, 100 (1983).  It is a doctrine that allows the circuit court to decline jurisdiction where a trial in another forum "would better serve the ends of justice".  
Vinson v. Allstate
, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859 (1991).  To determine whether the doctrine applies, the circuit court must balance the private-interest factors affecting the convenience of the parties and the public-interest factors impacting the court's administration of its docket.  
Gulf Oil Corp. v. Gilbert
, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947); 
Torres v. Walsh
, 98 Ill. 2d 338, 345, 456 N.E.2d 601, 604-05 (1983).  The public-and-private-interest-factors assessment is applicable in considering both interstate and intrastate 
forum non conveniens
 motions.  See
 Kwasniewski v. Schaid
, 153 Ill. 2d 550, 553, 607 N.E.2d 214, 216 (1992).  In considering an 
interstate forum non conveniens
 motion filed in a suit pending in an Illinois court, the focus is on Illinois's connections with the litigation and whether the applicable public- and private-interest factors favor Illinois or an appropriate forum in another state.

The Illinois Supreme Court recently reaffirmed the doctrine of 
forum non conveniens 
in
 First American Bank v. Guerine
, 198 Ill. 2d 511, 764 N.E.2d 54 (2002).  In 
Guerine
, the supreme court reiterated the long-standing proposition that the plaintiff's choice of forum is accorded great weight and should not be disturbed unless other factors strongly favor a transfer.  
Guerine
, 198 Ill. 2d at 517, 764 N.E.2d at 58-59.  The supreme court reminded litigants that it is the defendant's burden to show that "the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties".  
Guerine
, 198 Ill. 2d at 518, 764 N.E.2d at 59.  The supreme court also instructed trial courts to evaluate the total circumstances in order to determine whether a defendant has proven that the balance of factors strongly favors a transfer or a dismissal of the action.  
Guerine
, 198 Ill. 2d at 517-18, 764 N.E.2d at 59.

In 
Guerine
, the supreme court strongly recommended that trial courts "give more careful consideration to 
forum non conveniens
 motions" and "leave a better record of their analyses" so that reviewing courts can make more informed decisions.  
Guerine
, 198 Ill. 2d at 520-21, 764 N.E.2d at 60-61.  We recently noted that this recommendation contained an implicit directive to the parties to provide the trial court with a record of the relevant factors, "
supported by facts and evidence, as opposed to supposition and conjecture
" (emphasis added), in support of or in opposition to the forum motion.  
Gridley v. State Farm Mutual Automobile Insurance Co.
, 329 Ill. App. 3d 422, 425, 767 N.E.2d 896, 900 (2002).

The record shows that the accident occurred in Mayview, Lafayette County, Missouri, that the decedent resided in Lafayette County, Missouri, and that his family still resides there.  The record also shows that defendant is an Illinois corporation with its corporate headquarters in Fairview Heights, St. Clair County, Illinois, and that the majority of the witnesses and sources of proof are located in or near Lafayette County, Missouri.  

In its motion, defendant indicated that the Missouri State Highway Patrol officers who conducted the investigation and performed the accident reconstruction are assigned to work within 50 miles of the courthouse in Lexington, Missouri; that all three crew members who were aboard defendant's train at the time of accident are Missouri residents and reside within 50 miles of the Lexington courthouse; that the emergency personnel who evaluated Mr. Skidmore at the scene work within 14 miles of the Lexington courthouse; and that one of the postoccurrence witnesses lives within 12 miles of the Lexington courthouse, while the other lives in Kansas City, Kansas.  Defendant also indicated that the Missouri circuit court in Lexington, Lafayette County, Missouri, is 12 miles from the accident site, while the courthouse in St. Clair County, Illinois, is approximately 227 miles from the accident site.  Plaintiff has not contested these assertions.  

This is not a case where the majority of the potential trial witnesses are scattered throughout various counties in Missouri and Illinois.  According to the record, the majority of these witnesses would have to travel approximately 200 miles to appear in court in St. Clair County, Illinois.  While traveling 200 miles is not oppressive, it is certainly less convenient than traveling less than 50 miles.  We recognize that courts in some jurisdictions, as a matter of practice, have applied a bright-line rule and will not dismiss a case on interstate 
forum non conveniens
 grounds if that case arose within a specified distance of the courthouse.  See, 
e.g., Final Report of Missouri Bar Commission on Forum Non Conveniens
 (Dean Burnele V. Powell, chairman, 1999), summarized in MO. B. Bull., November 1999, at 4-5.  Though the Illinois Supreme Court has acknowledged that the world has been made smaller because of advances in technological and transit systems and that the meaning of "convenience" to parties and witnesses has changed due to these advances (
Guerine
, 198 Ill. 2d at 526, 764 N.E.2d at 63), it has not, to date, established a bright-line rule for interstate 
forum non conveniens
 cases.

The majority of the witnesses are Missouri residents who are subject to compulsory process in Missouri, but not in Illinois.  The cause of death does not appear to be in dispute in this case, but the facts surrounding the accident are likely to be fiercely contested.  Consequently, the testimony of the crew members and the troopers who investigated the scene and reconstructed the accident will be significant, and they are beyond the subpoena power of the court in Illinois.  Compelling members of defendant's crew causes little concern because crew members are unlikely to decline defendant's request to appear and because plaintiff can compel their appearances pursuant to a Supreme Court Rule 237(b) notice (166 Ill. 2d R. 237(b)).  The highway patrol officers pose a different problem.  Some law enforcement agencies require that their officers be subpoenaed to appear for a deposition or a trial.  The record does not indicate whether the Missouri State Highway Patrol has such a requirement.  Nevertheless, the Missouri Rules of Civil Procedure provide for the issuance by a Missouri circuit court of subpoenas to compel Missouri residents to appear for a deposition for use in a sister state's legal proceeding.  MO. Rs. Civ. P. R. 57.08 (2002).  Illinois has a similar rule.  166 Ill. 2d R. 204(b).  Although live testimony is often preferred, advances in technology have made sophisticated video-deposition presentations an acceptable, though admittedly not equal, alternative.      

According to the record, defendant is an Illinois corporation and its principal place of business (corporate headquarters) is located in Fairview Heights, St. Clair County, Illinois.  Defendant adamantly contends that the presence of its headquarters in St. Clair County does not establish a sufficient basis to deny the dismissal of the case on interstate 
forum non conveniens 
grounds.  In support of its contention, defendant relies upon a published decision, 
Moore v. Chicago & North Western Transportation Co.
, 99 Ill. 2d 73, 457 N.E.2d 417 (1983).  Defendant also relies on two cases in which the Illinois Supreme Court entered supervisory orders directing that actions filed against it in St. Clair County be dismissed on 
forum non conveniens
 grounds.  In addition, defendant cites two cases in which the St. Clair County circuit court entered orders dismissing actions against it on 
forum non conveniens
 grounds.  

Initially, we note that supervisory orders and circuit court decisions are not precedential for this court and provide no support for defendant's position.  See 
Guerine
, 198 Ill. 2d at 511, 764 N.E.2d at 60 (noting that the resources of the court have been spent micromanaging errant forum rulings with 
nonprecedential supervisory orders
, including the two cited by defendant in the case at bar, rather than deciding fully developed controversies). Supervisory orders are not precedential because they "are unpublished, recite no facts, and provide no rationale upon which the principles of 
stare decisis
 may attach."  
People v. Jackson
, 154 Ill. App. 3d 320, 324, 507 N.E.2d 89, 91 (1987).    

In 
Moore
, the Illinois Supreme Court accorded no significance to the fact that the defendant's principal place of business was in the plaintiff's chosen forum.  
Moore
, 99 Ill. 2d at 79, 457 N.E.2d at 426.  In the opinion, the supreme court noted that the only factor connecting the defendant with Illinois and the litigation was the fact that the defendant's principal place of business was in Cook County.  In the very next sentence of the opinion, the supreme court said, "The fact that a railroad does business in Illinois has been held not to be controlling in disposing of a motion to dismiss on the basis of 
forum non conveniens
 because it is 'assum[ed] that both courts can obtain jurisdiction over the defendant.' "  
Moore
, 99 Ill. 2d at 79, 457 N.E.2d at 426 (quoting 
Adkins v. Chicago, Rock Island & Pacific R.R. Co.
, 54 Ill. 2d 511, 301 N.E.2d 729 (1973), and citing 
Wieser
, 98 Ill. 2d at 372, 456 N.E.2d at 104).  A review of the supreme court's decisions in 
Adkins
 and 
Wieser
 is enlightening. In 
Adkins
, a majority of the supreme court held that the fact that the defendant railroad was doing business in Illinois was not significant to the determination of a motion to dismiss on 
forum non conveniens
 grounds, because the motion assumed that there was another available forum with jurisdiction over the defendant.  
Adkins
, 54 Ill. 2d at 515, 301 N.E.2d at 731.  However, according to the dissenting opinion, the defendant railroad was not merely doing business in Illinois, but its principal offices were located in Chicago and two of its executives, who were named as individual defendants, were Illinois residents stationed in Chicago and were knowledgeable about some aspects of the liability issue.  
Adkins
, 54 Ill. 2d at 515, 301 N.E.2d at 731.  The significance of blurring the distinction between "doing business" and "principal place of business" becomes readily apparent when 
Wieser 
and other 
forum non conveniens
 decisions are considered.  

In 
Wieser
, the Illinois Supreme Court determined that Illinois would have a connection with the litigation and an interest in providing a forum to resolve the controversy if the principal place of business of the defendant was located here.  "If Illinois had any connection with the litigation such as the residence of the plaintiff, or the
 principal place of business of the defendant
, or the situs of the accident, or of the decedent's employment, it would have had an interest in providing a forum in which to resolve the dispute."  (Emphasis added.)  
Wieser
, 98 Ill. 2d at 371-72, 456 N.E.2d at 104.  Thus 
Wieser
, cited in 
Moore
 as support for the proposition that the situs of the defendant's principal place of business is of little importance in the 
forum non conveniens
 analysis, states the 
exact opposite
.  In 
Wieser
, the supreme court clearly drew a distinction between merely "doing business" in the selected forum and having a "principal place of business" in the selected forum, for the purpose of evaluating the plaintiff's choice of forum.  
Wieser
, 98 Ill. 2d at 372, 456 N.E.2d at 104.  The 
Wieser
 case, decided October 21, 1983, emphasizes the importance of the defendant's principal place of business in the 
forum non conveniens
 analysis.  In contrast, the 
Moore
 case, decided December 1, 1983 (only 41 days later), seems to discount the defendant's principal place of business, considering it no more significant than "doing business" in the 
forum
 analysis.     

The Illinois Supreme Court recently acknowledged that the Illinois 
forum non conveniens
 law is less than clear.  
Guerine
, 198 Ill. 2d at 526, 764 N.E.2d at 64.  After reviewing these authorities, we conclude that the 
Moore
 and 
Adkins
 decisions are irreconcilable with the 
Wieser
 decision.  We believe that 
Wieser
's listing of the residence of the plaintiff, the principal place of business of the defendant, the situs of the accident, and the location of the plaintiff's place of employment as important factors must be accorded great weight in our analysis.  We reach this conclusion from a review of the supreme court's decisions in later cases where the presence of one of these four factors was decisive.

Brummett v. Wepfer Marine, Inc.
, 111 Ill. 2d 495, 490 N.E.2d 694 (1986), established the primacy of the place of the occurrence in the 
forum non conveniens
 equation.  Relying on 
Wieser
, the 
Brummett 
decision held, "The fact that the plaintiff here was injured in Madison County gives this case a significant factual connection with the forum plaintiff has chosen."  111 Ill. 2d at 501, 490 N.E.2d at 698.  The case had 
no
 connection with Madison County other than as the situs of the accident.  Yet the supreme court stated that because the plaintiff filed her case at the place of injury, the case had the aspect "of a localized controversy with a local interest in having the controversy 'decided at home.' "  
Brummett
, 111 Ill. 2d at 500, 490 N.E.2d at 697 (quoting 
Gilbert
, 330 U.S. at 509, 91 L. Ed. at 1063, 67 S. Ct. at 843).  

Similarly, in 
McClain v. Illinois Central Gulf R.R. Co.
, 121 Ill. 2d 278, 520 N.E.2d 368 (1988), the court was confronted with a factual situation where the plaintiff was not an Illinois resident at the time of the injury but later moved to Illinois after the suit was filed.  Relying on 
Wieser
 and 
Piper Aircraft Co. v. Reyno
, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 435-36, 102 S. Ct. 252, 265-66 (1981), the court stated:

"If the chosen forum is the plaintiff's home, a court may reasonably assume that the choice is convenient (see 
Piper Aircraft
 [
Co.
], 454 U.S. at 255-56, 70 L. Ed. 2d at 436, 102 S. Ct. at 266); both private and public interests tend to weigh in the plaintiff's favor when he chooses to sue at home."  
McClain
, 121 Ill. 2d at 290, 520 N.E.2d at 373.

The court went on to hold that if a nonresident plaintiff chooses to move to Illinois after the suit is filed, the choice of forum does not deserve the same deference.

If the forum is convenient when the plaintiff chooses his or her home forum to file suit, how can the forum be any less convenient when the plaintiff chooses the 
defendant's
 home forum (principal place of business) to file suit?  Should a defendant be heard to seriously argue that the county it chose to make its home is an unreasonable place to defend itself?  
Kwasniewski v. Schaid
, 153 Ill. 2d 550, 607 N.E.2d 214 (1992), held that the answer was NO!  In that case a fatal accident occurred in Wisconsin.  The plaintiff was a Cook County resident.  Both the individual defendant and the corporate defendant were residents of McHenry County, Illinois.  The suit was filed in McHenry County.  
Kwasniewski
, 153 Ill. 2d at 551-52, 601 N.E.2d at 215.  The supreme court said: "Most significantly, the suit was brought in defendants' home county.  It is all but incongruous for defendants to argue that their own home county is inconvenient."  
Kwasniewski
, 153 Ill. 2d at 555, 607 N.E.2d at 217.  In regard to corporations, the principal place of business is the nerve center of the business.  It was specifically selected by the corporation as the place to centralize its activities.  It is "home".  

We conclude that the supreme court has scrupulously followed its own road map laid out in 
Wieser
.  Each time one of the four facts listed in 
Wieser
 has been present, that fact  has "trumped" the other facts in the case.  We recognize that the supreme court has repeatedly stated that no single fact or factor should control.  This was reiterated most recently in 
Guerine
.  198 Ill. 2d at 518, 764 N.E.2d at 60.  Nevertheless, that is exactly what happened when the plaintiff sued at the situs of the accident (
Brummett
) or in the county of his residence (
McClain
) or in the home county of the individual and corporate defendants (
Kwasniewski
).  Moreover, "[t]he defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff."  
Guerine
, 198 Ill. 2d at 518, 764 N.E.2d at 59.  

Why is it that these factors trump?  
Wieser
 answered this question when it said that when one or more of these factors are present, the connection with the chosen forum is so strong that Illinois has an interest in providing a forum in which to resolve the dispute.  
Wieser
, 98 Ill. 2d at 372, 456 N.E.2d at 104.  In other words, if one or more of these factors are present, the court has a strong interest in retaining jurisdiction.  

The citizens of Illinois certainly have an interest in this case because the incident involves one of its corporate citizens whose headquarters is located in St. Clair County, Illinois.  The citizens of Missouri also have an interest in the case because the accident occurred at a railroad crossing in Missouri and the decedent was a Missouri resident.  In our view, the citizens of each state have an interest in the litigation, and none would be unfairly burdened if they were required to serve as jurors. 

We have considered the trial court's decision under the weight of the aforementioned Illinois Supreme Court decisions.  Based upon the record and those authorities, we cannot say that the trial court abused its discretion in denying the motion to dismiss on the grounds of interstate 
forum non conveniens
.  For the reasons stated herein, the order of the circuit court is affirmed. 

Affirmed.

HOPKINS and KUEHN, JJ., concur.

                                      NO. 5-01-0710

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

EDITH SKIDMORE, Special Administrator of the )  Appeal from the

Estate of Clifford Skidmore, Deceased, )  Circuit Court of

)  St. Clair County.

     Plaintiff-Appellee, ) 

)

)  No. 00-L-557

)

GATEWAY WESTERN RAILWAY COMPANY, )  Honorable

)  Stephen M. Kernan,

     Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: September 9, 2002

___________________________________________________________________________________

Justices
: Honorable Gordon E. Maag, P.J.

Honorable Terrence J. Hopkins, J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________________

Attorneys
 Paul M. Brown, Anthony L. Franks, Thompson Coburn LLP, One U.S. Bank Plaza,

for
 St. Louis, MO 63101-1693

Appellant
 

___________________________________________________________________________________

Attorney
 Kevin T. Hoerner, Becker, Paulson & Hoerner, P.C., 5111 West Main Street,

for
 Belleville, IL 62226

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 09/09/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.