NOTICE
Decision filed 05/08/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0670

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

DONALD R. HOSKIN, ) Appeal from the
) Circuit Court of
Plaintiff-Appellee, ) Madison County.
)
v. ) No. 04-L-512
)
UNION PACIFIC RAILROAD COMPANY, ) Honorable
) Phillip J. Kardis,
Defendant-Appellant. ) Judge, presiding.
_____

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Union Pacific Railroad Company, appeals an order of the trial court denying its motion to transfer the plaintiff's complaint to Randolph County on the grounds of *forum non conveniens*. The defendant argues that the trial court abused its discretion in denying the motion because the relevant factors overwhelmingly favor a transfer. We affirm.

The plaintiff, Donald R. Hoskin, worked for the defendant for 30 years as a welder and trackman, among other duties. On February 12, 2003, he was injured while working as a welder. On May 20, 2004, the plaintiff filed a two-count complaint in Madison County, seeking compensation for his injuries under the Federal Employers' Liability Act (FELA) (45 U.S.C. §51 *et seq.* (2000)). Count I alleged that the plaintiff injured his shoulder on February 12, 2003, while he was cutting rail with a rail saw "in or around" Madison County, Illinois. Although the complaint does not specify where the accident took place, the record reveals that it occurred in St. Louis, Missouri. Count II alleged that the plaintiff suffered from repetitive trauma as a result of his work for the defendant as a welder, a "substantial portion" of which was performed in Madison County. In an affidavit, he averred that he worked as a

1

welder in Madison County for a total of six months between 1990 and 1994.

On August 25, 2004, the defendant filed a motion to transfer the case to Randolph County, where the plaintiff resides, on the grounds of *forum non conveniens*. On September 23, the court denied the motion to transfer. This appeal followed.

*Forum non conveniens* is an equitable doctrine that allows a trial court to decline jurisdiction in favor of a different court when doing so would better serve the interests of "fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, No. 99924, slip op. at 9 (March 2, 2006). The trial court enjoys broad discretion in ruling on a motion to transfer venue on the grounds of *forum non conveniens*. In exercising this broad discretion, the trial court must consider the relevant public- and private-interest factors. *Langenhorst*, slip op. at 10. The public-interest factors include the following: (1) the interest in deciding local controversies locally, (2) the relative congestion of the court docket in each forum, and (3) the unfairness of imposing the burden of jury duty and the expense of a trial on a county with no connection to the litigation. The private-interest factors include the following: (1) the convenience of the parties, (2) the relative ease of access to witnesses and evidence, and (3) the practical considerations that make a case easy, expeditious, or inexpensive to try. *Langenhorst*, slip op. at 10. In weighing these factors, the trial court must also consider that the plaintiff's right to choose the forum in which to bring his suit is a substantial one; therefore, the plaintiff's choice should rarely be disturbed. *Langenhorst*, slip op. at 9. Unless the defendant demonstrates that the relevant factors overwhelmingly favor a transfer, the court should deny the motion. *Langenhorst*, slip op. at 9.

We note that in the instant case, the defendant filed its motion to transfer prior to conducting any significant discovery into the forum issue. As a result, the record contains limited information from which we can assess the relative convenience of the parties' chosen

fora.  We reiterate that it is the defendant who bears the burden of demonstrating that a transfer is appropriate.  *Langenhorst*, slip op. at 10.  On the record before us, the defendant has failed to meet this burden.

We first consider the relevant private-interest factors.  Here, it makes sense to consider two of those factors–the convenience of the parties and the relative ease of access to witnesses and sources of documentary and other evidence–together.  With respect to the convenience of the parties, the defendant must show that the plaintiff's chosen forum is inconvenient *to the defendant* and that the defendant's proposed forum is more convenient to all the parties.  *Langenhorst*, slip op. at 10.  The plaintiff resides in Randolph County; however, the defendant may not prevail by arguing that the plaintiff's chosen forum is inconvenient to the plaintiff.  *Langenhorst*, slip op. at 11.  The record contains no evidence of the location or locations from which any of the defendant's representatives will have to travel in order to attend the trial.  Thus, the defendant has presented no evidence that it will be inconvenienced by having to send representatives to the trial.

The defendant's primary allegation of inconvenience comes from the following statement in the affidavit of its senior claims analyst:

"It would be inconvenient for Union Pacific to replace [the] employees [that it intends to call as witnesses] if they are required to travel to Madison County, Illinois[,] for trial in this matter.  It would also be inconvenient for Union Pacific to transport these individuals to Madison County for the trial[] and also pay their wages and expenses for the duration of the time spent at trial."

Even if we assume that replacing employees who testify at a trial and paying their expenses and wages while they do so is the type of burden that might render a transfer appropriate, we do not see how these burdens would be mitigated by holding the trial in Randolph County.  Moreover, the record does not support the defendant's implicit claim that transporting

3

witnesses to Madison County for a trial will be significantly more burdensome than transporting them to Randolph County; indeed, the opposite appears to be true.

Neither party has specifically identified any witness residing in either Madison County or Randolph County, aside from the plaintiff himself. The plaintiff identified two potential witnesses but did not specify where either resides. The defendant identified three potential witnesses in addition to the plaintiff. These witnesses reside in Streator, Illinois; Salem, Illinois; and Bloomsdale, Missouri. Although the defendant did not provide information on the driving times or distances from each of these towns to the courthouses in Randolph and Madison Counties, we may take judicial notice of matters that are capable of instant and indisputable demonstration, such as the distances between towns. See *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177, 797 N.E.2d 687, 696 (2003). A search of MapQuest reveals that Streator, Illinois, is located 197 miles from Edwardsville, the county seat of Madison County, and 271 miles from Chester, the county seat of Randolph County. To drive from Streator to Chester, the witness will have to travel through Madison County. Salem, Illinois, is a 70-mile drive from Edwardsville and a 105-mile drive from Chester. Bloomsdale, Missouri, is 33 miles from Chester and 81 miles from Edwardsville. MapQuest, http://www.mapquest.com (last visited May 5, 2006).

Of the three identified witnesses, then, Madison County is closer for two while Randolph County is closer for one. The defendant also alleges that it might call additional coworkers of the plaintiff who reside in Randolph County; however, because the defendant does not specify who any of these individuals are or what the subject of their testimony will be, we need not consider this rather speculative assertion. See *Langenhorst*, slip op. at 13 (rejecting a similar argument).

On the whole, we do not believe that the defendant has met its burden of showing that Madison County is inconvenient to it or that Randolph County would be more convenient to

4

both parties. We do not find that the convenience of the parties favors either forum.

Madison County is closer to two of the three identified witnesses. Although the record does not identify what sources of documentary or other evidence might be needed, the plaintiff was treated for his injuries by physicians in St. Louis, Missouri, and Belleville, Illinois, both of which are closer to the Madison County courthouse than the Randolph County courthouse. Presumably, the plaintiff will need testimony or medical records from these physicians. We conclude that a consideration of the relative ease of access to witnesses and other sources of evidence favors Madison County. The record contains virtually no evidence from which we might assess the remaining private-interest factor—the other practical considerations that make a trial easy, expeditious, or inexpensive.

We next consider the public-interest factors. The first is the interest in deciding local controversies locally. The controversy in the instant case is not one that is particularly local in flavor. The plaintiff is seeking relief under a federal statutory scheme from a defendant that operates rail lines throughout the country. The controversy involves a repetitive-trauma injury alleged to have occurred over many years during which the plaintiff worked at various locations, including Madison County. Thus, this is not the type of inherently local controversy that must be resolved locally. See *First American Bank v. Guerine*, 198 Ill. 2d 511, 525, 764 N.E.2d 54, 63 (2002); *Schwalbach v. Millikin Kappa Sigma Corp.*, No. 5-03-0515, slip op. at 9-10 (December 16, 2005).

We turn next to the unfairness of imposing the burden and the expense of a trial on a forum with no significant connection to the litigation. Here, the defendant maintains tracks in Madison County, which are maintained by employees using the same types of work tools and methods alleged to be unsafe in the plaintiff's complaint. Presumably, the defendant employs Madison County residents. Madison County has a legitimate interest in ensuring that the defendant provides a safe work environment within its borders. While this is a

5

legitimate interest, Randolph County has the same interest in the litigation, and Randolph County has the additional interest in resolving the claim of its resident, the plaintiff. This factor, then, somewhat favors Randolph County.

Finally, we consider the relative court congestion in the parties' proposed fora. In 2004, when the plaintiff filed this action, the average time from filing to a verdict for civil trials in Madison County was 41.9 months. Administrative Office of the Illinois Courts, 2004 Annual Report of the Illinois Courts, Statistical Summary 53. The average time it took for a case to go from filing to a verdict in Randolph County during the same period was 12.4 months. Administrative Office of the Illinois Courts, 2004 Annual Report of the Illinois Courts, Statistical Summary 55. While this factor favors Randolph County, we note that it is to be accorded little weight. *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 510, 791 N.E.2d 164, 170 (2003).

The defendant also calls to our attention this court's recent pronouncement in *McGinty v. Norfolk Southern Ry. Co.*, 362 Ill. App. 3d 934, 841 N.E.2d 987 (2005), which was decided while this appeal was pending. There, this court addressed the appropriate level of deference to be accorded a plaintiff's choice of forum when the plaintiff alleges that a portion of a non-site-specific injury occurred in the chosen forum. As previously noted, the plaintiff's choice of forum is an important consideration, always entitled to some deference. How much deference depends upon whether it is the plaintiff's home county or the situs of an incident at issue in the litigation. When a plaintiff chooses a forum that is neither the plaintiff's home county nor the situs of the incident, that choice is entitled to "*somewhat* less deference" (emphasis in original) than it otherwise would merit. *Langenhorst*, slip op. at 14.

In *McGinty*, as here, a long-term railroad employee brought an action pursuant to FELA and alleged that he had sustained injuries from repetitive trauma while working at several different locations, including Madison County. *McGinty*, 362 Ill. App. 3d at 935, 841

N.E.2d at 988. Like the plaintiff in this case, he argued that because of the repetitive nature of his injury and because at least some of the work that led to it had been performed in Madison County, Madison County was the situs of at least a portion of the events that formed the basis of his claim. *McGinty*, 362 Ill. App. 3d at 935, 841 N.E.2d at 988.

In determining the proper level of deference to be accorded the plaintiff's choice on the basis of his situs-of-the-injury argument, this court noted that the connection between the plaintiff's work in Madison County and his injuries was far more tenuous than the connection between a one-time, site-specific injury and the place where it occurs. Thus, his choice of forum was not entitled to the level of deference it would have been accorded if it had been the situs of a more site-specific injury. *McGinty*, 362 Ill. App. 3d at 939, 841 N.E.2d at 991.

The *McGinty* court gave only "slight deference to [the plaintiff's] choice of forum *on the basis of the injury situs*." (Emphasis added.) *McGinty*, 362 Ill. App. 3d at 939, 841 N.E.2d at 991. Implicit in this language is the notion that, while not entitled to the same level of deference as the location of a site-specific injury "that more directly ties an injury to a particular county" (see *McGinty*, 362 Ill. App. 3d at 939, 841 N.E.2d at 991), the plaintiff's choice is nevertheless entitled to at least slightly more deference than it would be were his chosen forum not the situs of any part of his injury.

Significantly, the court's conclusion regarding the appropriate level of deference to give to the plaintiff's choice of forum did not end the inquiry. We noted that the plaintiff and all the witnesses identified by the parties lived near Kansas City, Missouri. *McGinty*, 362 Ill. App. 3d at 939, 841 N.E.2d at 991-92. It was only after examining the relevant factors in their totality that we concluded that the circumstances presented strongly favored the defendant's proposed forum of Jackson County, Missouri. *McGinty*, 362 Ill. App. 3d at 940, 841 N.E.2d at 992. The same conclusion is not warranted here. As previously noted, the factors in the instant case do not strongly favor either forum. While the plaintiff's choice of

7

forum is entitled to somewhat less deference than it would be accorded were it his home county or the situs of the accident at issue in count I of his complaint, it is still entitled to deference. The defendant has not shown a connection to Randolph County sufficient to overcome the plaintiff's choice.

Finally, the defendant contends that the instant case presents a stronger case for transfer than *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 506 N.E.2d 1291 (1987), and *Czarnecki*. We disagree. In *Bland*, the supreme court found that a trial court had abused its discretion by refusing to transfer a case to Macon County. *Bland*, 116 Ill. 2d at 223, 506 N.E.2d at 1293. There, as here, the plaintiff's chosen forum was neither the situs of a specific accident at issue nor the plaintiff's home county. *Bland*, 116 Ill. 2d at 221-22, 506 N.E.2d at 1293. Unlike this case, however, the defendant was able to demonstrate a predominant connection to its proposed forum. Macon County was *both* the site of the plaintiff's accident and his home county. *Bland*, 116 Ill. 2d at 221-22, 506 N.E.2d at 1293. It was also the residence of all nine witnesses identified by the defendant and the location of the plaintiff's relevant medical records. *Bland*, 116 Ill. 2d at 226, 506 N.E.2d at 1295. Similarly, in *Czarnecki*, a Will County resident sought damages for injuries sustained in an accident that occurred in Will County. *Czarnecki*, 339 Ill. App. 3d at 509, 791 N.E.2d at 169. In addition, five witnesses, including the sole occurrence witness, lived in Will County. *Czarnecki*, 339 Ill. App. 3d at 510, 791 N.E.2d at 170.

The instant case, unlike *Bland* and *Czarnecki*, involves a situation in which neither party's chosen forum has a predominant connection to the litigation. The plaintiff is a resident of Randolph County. He alleges two injuries: one is a repetitive-trauma injury that is not specific to any site; the other occurred in St. Louis. None of the named witnesses resides in Randolph County, and neither party has identified any records, documents, or other sources of evidence that are located there. The factors that led the *Bland* and *Czarnecki*

8

courts to conclude that a transfer was required simply are not present in the instant case. We conclude that the trial court properly exercised its discretion.

For the reasons stated, we affirm the order of the trial court denying the defendant's motion to transfer.


Affirmed.


SPOMER, P.J., and WELCH, J., concur.

NO. 5-04-0670

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| DONALD R. HOSKIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 04-L-512 |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Honorable |
| | ) | Phillip J. Kardis, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed**:     May 8, 2006
_____

**Justices**:     Honorable Melissa A. Chapman, J.

Honorable Stephen L. Spomer, P.J., and
Honorable Thomas M. Welch, J.,
Concur

_____

**Attorneys**     Thomas E. Jones, Heath H. Hooks, Thompson Coburn LLP, 525 West Main Street,
**for**     P.O. Box 750, Belleville, IL 62222-0750
**Appellant**

_____

**Attorney**     Robert B. Ramsey, Blunt & Associates, Ltd., P.O. Box 373, Edwardsville, IL
**for**     62025
**Appellee**

_____